IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE JANE PRICE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case 2:13-1020-JDB-cgc |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the court, by way of Order of Reference (D.E. # 21), is the Plaintiff's motion for attorney's fees in the amount of $2,444.40 under the Equal Access to Justice Act (EAJA), as codified at 28 U.S.C. § 2412(d). Defendant filed a response stating that she has a limited objection to the fee application.

To be eligible for an EAJA fee award, four requirements must be satisfied: (1) the claimant is a "prevailing party"; (2) the Government's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application—supported by an itemized statement of services—is presented to the Court within thirty days of final judgment in the action. *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 650 (S.D. Ohio 2013); *Comm'r, INS v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

It is uncontested that Plaintiff meets the first three requirements. Plaintiff has attached the Affidavit of Robert J. Parker which sets out 14.55 hours of work on this matter to be billed at

a rate of $168.00 per hour. The Commissioner asserts that three of the entries noted in the Affidavit of Robert J. Parker include activities that are not compensable:

- January 17, 2013 – Prepared and filed Complaint, Summons and Civil Cover Sheet, 1 hour
- May 30, 2013 – Converted and electronically filed Brief and Motion, 0.25 hour
- July 12, 2013 – Prepared and file response in support of motion, 1 hour

The Commissioner argues that these entries reflect activities that constitute clerical tasks and that are therefore are not compensable. It is proposed by the Commissioner that the January 17, 2013 and July 12, 2013 entries be reduced by 0.5 hour each to account for filing and leaving time for the preparation of the Complaint and motion respectively which are compensable activities.

Purely clerical or secretarial tasks—*i.e.,* non-legal work—should not be billed (even at a paralegal rate). *Spiller,* citing *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). Deducting 1.25 hours for clerical tasks would reduce the hours of work to 13.30 hours or $2,234.40.

It is therefore RECOMMENDED that the remaining 13.30 hours and the hourly rate of $168 per hours amounting to attorney's fees of $2,234.40 sought by the Plaintiff are reasonable. As Plaintiff has included a valid waiver and assignment if EAJA fees and costs, it is further RECOMMENDED that this fee be made payable to Plaintiff's attorney, subject to any offset in the event Plaintiff owes a debt to the United States that is subject to offset.

Signed this 29th day of December, 2016.

                                            s/ Charmiane G. Claxton
                                            CHARMIANE G. CLAXTON
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**